■ GEROLD KANENGISER, as Receiver of JERSEY MASONS, INC., Appellant, v. CLOVE LAKE ARMS, INC., et al., Respondents. (Action No. 1.) JOSEPH ANDERSON, Appellant, v. CLOVE LAKE ARMS, INC., et al., Respondents. (Action No. 2.) — In two actions: (a) an action by the above-named receiver, pending in the Supreme Court, Richmond County, to foreclose a mechanic's lien (Action No. 1); and (b) an action by the above-named Joseph Anderson, pending in the Supreme Court, New York County, to recover upon a promissory note (Action No. 2), the said plaintiffs appeal from an order of the Supreme Court, Richmond County, dated September 8, 1961, which granted the motion of the defendants Clove Lake Arms, Inc., and Marvin Klein to consolidate said actions and, as so consolidated, to remove them to the Supreme Court, Richmond County. Order reversed, with $20 costs and disbursements, and motion denied, with $10 costs. It appears that the note, which was made and delivered by the defendant corporation, Clove Lake Arms, Inc., and indorsed by defendant Klein, was given to the payee, Posnak & Turkish, Inc., in payment for materials supplied by it for the construction of certain buildings upon the land owned by said corporate defendant Clove; and that such payee thereafter assigned the note to plaintiff Anderson. Clove and Klein, the maker and indorser, respectively, asserted in the note action: (1) the defense that the note represented a partial payment on a contract between Clove and Jersey Masons, Inc. (the corporation for which the plaintiff in the lien action is the receiver), and that said Jersey corporation breached such contract with Clove; and (2) the defense that the moneys represented by the note constitute a trust fund pursuant to section 70 of the Lien Law; that they — Clove and Klein, are the trustees of such fund; that its beneficiaries have not been joined as parties to the action; and that plaintiff Anderson is not a beneficiary of the fund. These defenses, pleaded in the note action, should be tried in that action where their validity may be properly determined. Hence, the consolidation of the note action with the lien action was an improvident exercise of discretion, particularly since the lien action involves the status of the several lienors who may be entitled to share in the fund, since neither the payee-assignor of the note nor the plaintiff-assignee asserts any right as a lienor, and since they are in no way concerned with the fund which is the subject of the lien action or with the moneys which may be due from the owner Clove to the contractor Jersey Masons, Inc. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ CHARLES LANIER, Respondent, v. NORWOOD EQUIPMENT CORP. et al., Appellants.— In a negligence action to recover damages for personal injuries, defendant Norwood Equipment Corp. appeals from an order of the Supreme Court, Queens County, dated September 14, 1961, denying conditionally its motion to dismiss the complaint for lack of prosecution (Rules Civ. Prac., rule 156), the condition imposed being that plaintiff shall notice the action for trial at the next available term; and the defendant Central Rigging Corp. appeals from an order of said court, dated February 8, 1962, denying conditionally its motion for the same relief, the same condition being imposed. Orders affirmed, without costs. No opinion. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.